Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,239-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MECHELLE RUGG                                   Respondent

versus

HORSESHOE ENTERTAINMENT,              Applicants
ET AL.

* * * * *

On Application for Writs from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 160,323

Honorable Michael O. Craig, Judge

* * * * *

KEAN MILLER LLP                              Counsel for Applicant,
By: Scott L. Zimmer                          Horseshoe Entertainment
   Amanda M. Collura-Day

PARKER ALEXANDER LLC                  Counsel for Respondent,
By: Chad C. Carter                           Mechelle Rugg
   Kevin David Alexander

* * * * *

Before COX, STEPHENS, and ELLENDER, JJ.

**STEPHENS, J.**

This writ grant to docket arises from the 26th Judicial District Court, Bossier Parish, the Honorable Michael O. Craig, presiding. The applicant, Horseshoe Entertainment ("Horseshoe"), seeks review of the trial court's denial of its motion for summary judgment. For the following reasons, we grant the writ, reverse the judgment of the trial court, and grant summary judgment in favor of Horseshoe.

## FACTS & PROCEDURAL HISTORY

On September 22, 2018, Mechelle Rugg entered the Horseshoe Bossier City Hotel & Casino in Bossier City, Louisiana. The hotel and casino are owned and operated by Horseshoe. As the evening progressed, Mrs. Rugg and her husband made their way to the hotel bar, Whiskey Roadhouse. Mrs. Rugg testified in her deposition that she noticed a visibly intoxicated individual, John Doe, on the dance floor when she entered the bar. She stated in her deposition that the way John Doe was dancing and stumbling prompted her to think the man was intoxicated. Mrs. Rugg said she observed John Doe dancing with a woman, but once the song ended, John Doe disappeared from Mrs. Rugg's view.

At some point after that, John Doe fell onto Mrs. Rugg, which allegedly caused her to sustain serious injuries to her head, back, arms, and neck. In her deposition testimony, Mrs. Rugg alleged that several ladies helped her and her husband after John Doe fell on her. Mrs. Rugg related that these ladies said they had "been asking them for hours to get him out of here." However, affidavits in the record contained statements by two Whiskey Roadhouse employees that they received no complaints about John Doe or his behavior prior to him falling onto Mrs. Rugg.

On August 29, 2019, Mrs. Rugg filed a petition for damages against Horseshoe, John Doe, and unidentified insurance companies (i.e., "ABC" and "XYZ"). Mrs. Rugg alleged in her petition that John Doe fell on her because he was too intoxicated to stand or balance. On May 19, 2021, the trial court granted Mrs. Rugg's motion for leave to file an amended petition to add her husband as a plaintiff for his loss of consortium claim. On June 3, 2021, Mrs. Rugg filed a motion for partial summary judgment and urged that no genuine issues of material fact existed as to John Doe's or Horseshoe's liability. In response, Horseshoe filed a cross-motion for summary judgment and an opposition to Mrs. Rugg's motion for partial summary judgment. After a hearing held on August 16, 2021, the trial court denied Mrs. Rugg's motion for summary judgment.

On July 29, 2022, Horseshoe filed a "re-urged" motion for summary judgment asserting that Mrs. Rugg could not establish that Horseshoe owed Mrs. Rugg a duty to protect her from the negligent acts of John Doe. In opposition, Mrs. Rugg argued that Horseshoe's employees failed to act in a timely manner to remove John Doe from the premises when they knew or should have known of his level of impairment and inability to steady himself. Horseshoe responded and reiterated its contention that businesses do not need to protect against unforeseeable or unanticipated criminal acts by independent third persons.

The trial court did not hold a hearing on this issue but instead decided the motion on briefs. On March 1, 2023, the trial court denied Horseshoe's motion for summary judgment and determined that Mrs. Rugg raised genuine issues of material fact in her opposition. Horseshoe immediately filed a notice of intent to apply for supervisory review and filed its writ

2

application on March 30, 2023. This Court granted the writ for arguments on May 2, 2023, and instructed the parties to address in brief to what extent, if any, La. R.S. 9:2800.1 and accompanying jurisprudence is applicable to this case.

## DISCUSSION

Horseshoe contends that La. R.S. 9:2800.1 legally prevents any finding of liability on the part of Horseshoe because John Doe's consumption of intoxicating beverages, rather than the sale or serving of such beverages, is the sole and proximate cause of any injury inflicted on Mrs. Rugg. Furthermore, Horseshoe urges that the trial court erred when it denied Horseshoe's summary judgment motion because it owed no duty to Mrs. Rugg. Even if Horseshoe owed a duty to Mrs. Rugg, it argues that the duty was not breached.

In response, Mrs. Rugg urges that the trial court correctly found genuine issues of material fact existed that preclude summary judgment. First, Mrs. Rugg contends that La. R.S. 9:2800.1 does not rule out Horseshoe's liability because Mrs. Rugg's injury occurred on the premises. Similarly, Mrs. Rugg argues that she will be able to establish proof for all of the elements that are essential to her negligence claim.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880; *Driver Pipeline Co. v. Cadeville Gas Storage, LLC*, 49,375 (La. App. 2 Cir. 10/1/14), 150 So. 3d 492, *writ denied*, 14-2304 (La. 1/23/15), 159 So. 3d 1058. Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by

La. C.C.P. art. 969(A)(2). The procedure is favored and shall be construed to accomplish those ends. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Leisure Recreation & Ent., Inc. v. First Guaranty Bank*, 21-00838 (La. 3/25/22), 339 So. 3d 508; *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791*; Elliott v. Continental Casualty Co.*, 06-1505 (La. 2/22/07), 949 So. 2d 1247; *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So. 2d 1180; *Davis v. Whitaker*, 53,850 (La. App. 2 Cir. 4/28/21), 315 So. 3d 979.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876; *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So. 2d 131.

On a motion for summary judgment, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but

4

rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

The area of civil law dealing with liability for damages caused by intoxicated persons as a result of the consumption of alcoholic beverages is commonly called "dram shop" liability. On June 6, 1986, Louisiana enacted La. R.S. 9:2800.1, its first "anti-dram shop" statute. La. R.S. 9:2800.1 provides in pertinent part:

> A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
>
> B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
> . . .

The determination of whether a vendor/host is liable to an intoxicated patron injured as a result of their own intoxication or to third-parties injured because of the negligence of an intoxicated patron involves a two-part analysis: (1) whether the vendor/host is immunized by La. R.S. 9:2800.1, and, if not, (2) whether the vendor/host can be liable under general negligence principles. *Mayhorn v. McKinney*, 34,789 (La. App. 2 Cir.

6/20/01), 793 So. 2d 225, *citing*, *Godfrey v. Boston Old Colony Insurance Company*, 97-2568 (La. App. 4 Cir. 5/27/98), 718 So. 2d 441, *writ denied*, 98-2487 (La. 11/20/98), 729 So. 2d 563. It is, therefore, only after a determination is made that the above statute (and the immunity it affords) is inapplicable to a given case that the duty/risk analysis of a general negligence issue becomes relevant. *Mayhorn*, *supra*.

In cases where immunity under La. R.S. 9:2800.1 does not apply, courts must determine the duty that was owed and if it was breached. To make this determination, courts have generally considered the same two questions considered by Louisiana courts prior to adoption of La. R.S. 9:2800.1, which are (1) whether the vendor acted as a reasonable person under the circumstances of the case, and (2) whether the vendor committed any affirmative acts to increase the peril to the intoxicated person. *Godfrey*, *supra*.

In determining whether liability exists, the court must determine whether the bar owner violated general negligence principles. *Wimberly v. Giglio*, 46,000 (La. App. 2 Cir. 1/26/11), 57 So. 3d 389, *citing*, *Colgate v. Mughal Bros., Inc.*, 36,754 (La. App. 2 Cir. 1/29/03), 836 So. 2d 1229, *writ denied*, 03-0923 (La. 5/16/03), 843 So. 2d 1136. Aside from the duty and breach elements as addressed above, the following three elements must also be proven by the plaintiff: 1) that the defendant's affirmative act was a cause-in-fact of the plaintiff's injuries; 2) that the defendant's affirmative act was a legal cause of the plaintiff's injuries; and 3) that the plaintiff incurred actual damages. A negative answer to any of the elements of the duty/risk analysis prompts a no-liability determination. *Wimberly*, *supra*, *citing*, *Stroik v. Ponseti*, 96-2897 (La. 9/9/97), 699 So. 2d 1072.

6

In the instant matter, we find that the trial court improperly denied Horseshoe's motion for summary judgment. The analysis begins with whether immunity under La. R.S. 9:2800.1(B) applies to Horseshoe. We find it does not. In order for Subsection (B) to apply, the injury suffered must occur off the premises from where the alcohol is provided. In this matter the fall in question, which allegedly resulted in Mrs. Rugg's injuries, occurred in the Whiskey Roadhouse bar area. Therefore, immunity under La. R.S. 9:2800.1(B) does not exist for Horseshoe. Because immunity does not exist under Subsection (B), Subsection (A) requires a basic duty/risk analysis for the second step, focusing on two questions: (1) whether Horseshoe acted reasonably under the circumstances of the case, and (2) whether Horseshoe committed any affirmative acts to increase the chances of the incident in question.

Nothing in the record suggests that Horseshoe acted unreasonably under the circumstances of this case, and Mrs. Rugg has failed to provide evidence that shows otherwise. Mrs. Rugg has not presented anything to show that John Doe demonstrated he was a threat prior to his fall. In her deposition, Mrs. Rugg stated that the women helping her to her feet after the fall stated that others were asking for John Doe to be escorted out. However, no evidence or testimony suggests this to be the case. Affidavits from the employees at Whiskey Roadhouse instead provided that no one reported John Doe or requested that he be removed from the premises. Most notably, the facts presented by Mrs. Rugg in her opposition and brief primarily focus on John Doe's behavior after he fell on her. Mrs. Rugg also admitted that she did not bring John Doe's intoxication to the attention of any of

7

Horseshoe's employees. Therefore, it cannot be said that Horseshoe acted unreasonably in this case.

Similarly, Mrs. Rugg failed to provide evidence to establish that Horseshoe committed any affirmative act or acts to increase the chances of the incident in question. Mrs. Rugg asserts that Horseshoe failed to remove John Doe from the bar area. However, the failure of Horseshoe to escort John Doe from the premises is not an affirmative act. As previously stated, Mrs. Rugg did not present evidence to demonstrate Horseshoe had a reason to eject John Doe from the bar prior to the fall.

In this matter, Mrs. Rugg cannot establish the essential elements of her claim, and the trial court erred in denying Horseshoe's motion for summary judgment. While Horseshoe is not awarded immunity under La. R.S. 9:2800.1(B), Subsection (A) provides that in no case will the serving of alcohol be held as the proximate cause of a tort in which alcohol was involved. Because of this, Mrs. Rugg would need to show that Horseshoe did something to cause Mrs. Rugg's injury aside from simply serving John Doe alcohol. Here, Mrs. Rugg failed to produce evidence that suggested Horseshoe did something other than serving John Doe alcohol that resulted in him falling on her. As such, Mrs. Rugg cannot prove the cause-in-fact element for her negligence claim. Therefore, the trial court incorrectly denied Horseshoe's summary judgment motion.

For the reasons expressed above, we grant Horseshoe's writ application, reverse the judgment of the trial court, and grant Horseshoe's motion for summary judgment, dismissing Mrs. Rugg's claims. Costs of this appeal are assessed to Mechelle Rugg.

**WRIT GRANTED; JUDGMENT REVERSED.**

8